UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2922 RLW |
| | ) |
| THREE UNKNOWN POLICE OFFICERS and CITY OF BELLEFONTAINE NEIGHBORS, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of *pro se* plaintiff Clint Phillips, III for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice as frivolous and for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee, or *in forma pauperis*, if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* (internal quotations omitted). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke,* 490 U.S. at 327). Allegations are clearly baseless if they are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* at 32-33.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint[1]

Plaintiff[2] is a *pro se* litigant who brings this action pursuant to 42 U.S.C. § 1986, alleging a conspiracy to violate his civil rights. It is unclear who plaintiff seeks to name as defendants in this matter. In the caption of his complaint, he names two defendants: (1) "Three Unknown Police Officers et al." and (2) the City of Bellefontaine Neighbors. ECF No. 1 at 1. However, in the 'Defendant(s)' section of the complaint, he names only "Three Unknown Police Officers et al." *Id.* at 2. Finally, in the memorandum detailing his allegations, plaintiff states that he brings suit against "three unknown police officers of the Bellefontaine Police Department in their official and individual capacities ... as well as unknown; Chief of Police, and mayor of Bellefontaine Neighbors." *Id.* at 4.

Plaintiff alleges that defendants conspired to violate his civil rights under 42 U.S.C. § 1986. ECF No. 1 at 4. According to plaintiff, on the evening of October 8, 2019, he alerted the Bellefontaine Neighbors police department through the ADT panic alarm at his residence of a potential intruder. Plaintiff claims that he has alerted the police on multiple occasions about these intruders – who seem to be family members in his house – but that the police never:

> dust for fingerprints, extract any DNA evidence from the blood on floor or the bloody handprints on my walls that are possibly some kids who infiltrated the broken window via my basement or my delusional and estranged wife who may be having sexual intercourse in my house with other veterans, military personnel,

---

[1] Plaintiff attaches to his complaint a hand-written statement requesting the "preservation" of certain 911 calls and police reports because plaintiff anticipates using this information in other court cases. *See* ECF No. 1 at 5. Plaintiff lists five other cases with party names but no case numbers. As none of the listed cases is the instant case, and plaintiff currently has no other pending cases before this Court, this attachment will be disregarded.

[2] The Court notes, based on a review of its own records, that plaintiff has filed thirty cases in this Court since 2010. Of the twenty-nine other cases brought by plaintiff, twenty-eight of them were dismissed before service on any defendant for a variety of reasons, including: failure to sign complaint, frivolity, failure to state a claim, lack of jurisdiction, and failure to prosecute. In just one of plaintiff's cases was process issued on two defendants, but the case was dismissed after plaintiff failed to respond to a motion to compel and failed to appear for a hearing. *See Phillips v. Dunn*, No. 4:16-CV-1698-RWS (E.D. Mo. Oct. 31, 2016) (dismissed July 21, 2017) (appeal dismissed for lack of jurisdiction Sept. 6, 2018).

reservists, retirees, bus drivers, policemen, and felons from the community release center.

*Id.* Plaintiff asserts that the door of his home has been "kicked off the hinges" and he has multiple broken windows, but the police still do not investigate. Plaintiff alleges that this "pattern of misconduct" by the Bellefontaine police is a "constitutional violation of deliberate indifference (8th Amend.) with specific intent to retaliate in violation of the 1st Amend." *Id.*

Plaintiff admits in his complaint that he has PTSD and schizophrenia. He also states that his "symptoms are being triggered by felons with weapons that are associated with my wife." ECF No. 1 at 4. Plaintiff further alleges that someone is following him and conspiring with others from Tennessee to commit murder. *Id.*

For relief, plaintiff seeks injunctive and monetary relief. ECF No. 1 at 3. Specifically, he would like $90,000 in general damages, $850,000 in compensatory damages, and 3 million in punitive damages. *Id.* at 7. He also wants disciplinary action taken against the defendant police officers. *Id.* at 3.

On his 'Civil Cover Sheet' and 'Original Filing Form,' attached to the complaint, plaintiff states that this case is the same or substantially equivalent to another case he filed in this Court, *Phillips v. Two Unknown Police Officers et al.*, No. 4:19-CV-2142-CAS (E.D. Mo. filed July 24, 2019) (hereinafter "*Phillips I*"). *See* ECF Nos. 1-1, 1-2. On November 22, 2019, the Court dismissed plaintiff's case in *Phillips I* for failure to state a claim. *See id.* at ECF No. 5. In *Phillips I*, plaintiff complained that when he called 911 for help getting some family members out of his house, the responding Bellefontaine Neighbors police officers illegally searched his house without his consent and without a warrant, and they left without removing the family members as he requested.

## Discussion

Plaintiff's complaint in this matter is subject to dismissal under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim. Plaintiff brings this action under 42 U.S.C. § 1986. However, a cause of action under § 1986 is dependent on a valid claim under § 1985. *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. Title 42 U.S.C. § 1985(3)[3] provides in pertinent part:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a § 1985(3) conspiracy claim, plaintiff must show: "(1) the existence of a conspiracy; (2) that the purpose of the conspiracy was to deprive him of his civil rights; (3) an act in furtherance of the conspiracy; and (4) injury." *McDonald v. City of Saint Paul*, 679 F.3d 698, 706 (8th Cir. 2012). Plaintiff must also demonstrate "some racial, or ... class-based, invidiously discriminatory animus." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). In general, a §1985 conspiracy claim must be "allege[d] with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1077 (8th Cir. 2016) (citations omitted).

In the instant action, plaintiff fails to present any facts indicating a conspiracy between Bellefontaine Neighbors police officers to deprive him of his constitutional rights. Nor are there any facts pointing to a conspiracy between the Bellefontaine Neighbors police, city hall, and/or mayor. Vague allegations of conspiracy do not survive initial review. Conspiracy must be plead

---

[3] Plaintiff does not specify which section of 1985 he brings his conspiracy claim. However, "[i]f the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation omitted).

5

with particularity. *See Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988). In addition, plaintiff makes no allegations that could constitute a racial or class-based, invidiously discriminatory animus. Plaintiff fails to state a conspiracy claim under § 1986 and § 1985.

Additionally, the Court finds the factual allegations in the complaint to be somewhat delusional and fanciful. Plaintiff's allegations concerning his estranged wife's activities in his house, and his belief that he is being followed by people conspiring to commit murder, are nonsensical and "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Plaintiff even admits that he has PTSD and schizophrenia and that his "symptoms are being triggered." ECF No. 1 at 4. The Court finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of February, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE